AUGUSTUS J. MERCIER, plaintiff in error, *vs.* GEORGIA A. MERCIER, defendant in error.

The verdict in this case is fully sustained by the evidence, and this Court will, in its judgment, award damages against the plaintiff in error, on the ground that the case was brought up for delay only.

Evidence. Damages. New trial. Before Judge HARRELL. Early Superior Court. April Term, 1872.

Georgia A. Mercier brought complaint against Augustus J. Mercier for one sewing machine, of the value of $150, and of the annual value of $25.

It appeared, from the evidence, that the sewing machine, a "Wheeler & Wilson," was purchased by plaintiff's father, George Mercier, in New York, at the price of $125; that her said father gave the sewing machine to plaintiff; that she had used said machine seven or eight years prior to leaving her father's house in 1868; that a few months after plaintiff left her father's house, he died, and the machine went into the possession of the defendant, who was the executor of her father's will; that before the institution of suit she demanded said machine from defendant, and he refused to deliver it up; that plaintiff was the only one of the family that could use the machine; that "Wheeler & Wilson's machines" are now worth, with attachments, from $60 to $175, the high priced ones being cased; that the casing makes them more costly; that the rent of such machines are worth per annum from $10 to $50; that the machine in controversy had no attachments; that plaintiff demanded possession of the machine in February, 1869.

At the April Term, 1872, of said Court, the jury returned a verdict for the plaintiff for $200, "being the value and rent of the sewing machine."

Defendant moved for a new trial upon the ground that the verdict was contrary to evidence and to law. The motion

was overruled by the Court, and plaintiff in error excepted, and assigns said ruling as error.

J. E. BOWER; R. SIMS, by brief, for plaintiff in error.

THOMAS F. JONES; H. FIELDER, for defendant.

McCAY, Judge.

We do not see any ground for reversing the judgment of the Court in this case. The only pretence of error is, that he ought to have set aside the verdict as contrary to evidence, and we think he was right in not doing this. If the verdict of a jury is not to stand because the proof on which it is founded is not clearly in its favor, our whole theory of jury trials will be subverted. We have so often and so decidedly declared our opinions on this subject, that we do not care again to go over them. The jury is just as much a final arbiter, in its sphere, as the Court, and in matters of fact, it is generally far more apt to be right. The consent of twelve minds to a verdict is a pretty sure evidence of its correctness. And the error ought to be very plain for one mind to set it aside.

As we have said, we see no good reason for this bill of exceptions. We think this lady has been improperly delayed in this matter, and we award her the damages authorized by law in such cases, and judgment will be so entered.

Judgment affirmed.