A92A1966. GAZAWAY v. THE STATE.
(428 SE2d 659)

BIRDSONG, Presiding Judge.

Samuel Lamont Gazaway was convicted of driving under the influence of alcohol, driving with an unlawful blood alcohol concentration, and driving with a suspended license. His blood alcohol content was .18 grams percent, as measured about an hour after arrest. The State's evidence showed that at about 3:30 a.m. on April 3, 1991, an officer was on patrol when he saw a van parked outside a trailer; the van's lights were on but he saw no one in or around the van. The officer parked about 500 feet away and watched for about five minutes; then he turned on his alley light, drove his police car into the driveway and parked at an angle about 20-30 feet behind the van. He noticed the van was running and could hear the sound of its exhaust.

The officer got out of his car and approached the van, which was parked on a slight incline. When he was about 15-20 feet from it, the van began to roll back. The officer hailed the van to stop but it hit the police car, doing moderate damage. Then the officer saw appellant "pop up" in the driver's seat. The officer opened the van door, appellant turned off his ignition, and the officer helped him out of the vehicle. On request for a driver's license, appellant stated he had none. As he exited the van, appellant was extremely groggy and strongly smelled of beer; he was disoriented and bleary-eyed and appeared "intoxicated beyond the purpose of giving a field test." The officer placed appellant in the police car. Appellant said that he had not been driving but was in the van because the couple with whom he was staying were "making love" in the trailer. But no lights came on in the trailer and no one came out despite the officer's yelling and the collision, and even though the officer turned on his blue lights.

Appellant testified he had worked painting apartments until 2:30 a.m. and that Gary Stevens, who lived in the trailer, picked appellant up from work. Appellant stayed in the van because Gary and his wife had some problems and were "making up"; also, he had "a few things [he] could do to the van. And also put some dash lights and things and some fuses in it that it needed anyway." He was repairing these items when the police car drove up behind the van; he had the parking lights on because he was working on the van; the parking brake did not work and the van jumped out of gear and ran into the police car. He did not see the police car or its alley light, but jumped up to hit the brake and put the gear in "park" when the van began to roll back. Appellant admitted he was drunk and "pretty near wasted"; he said Gary Stevens came out of the trailer when the ruckus occurred and that the police car never had its alley light or blue lights on. Appellant was stopped again in June of 1991 for DUI.

Appellant contends there is no evidence he drove on a public highway as required by OCGA § 40-5-121 or was in actual control of a moving vehicle while under the influence as proscribed by OCGA § 40-6-391 (a) (1); that the convictions are based entirely on circumstantial evidence which does not exclude every other reasonable hypothesis than guilt; and that his arrest was illegal. *Held*:

1. On appeal from a finding of guilt, the presumption of innocence no longer prevails and evidence must be viewed in the light most favorable to the verdict, for it reflects the jury's determination on the credibility and weight of evidence which determination we must accept; we consider only the sufficiency of the evidence to support a conviction. *Dunlap v. State*, 202 Ga. App. 493, 495 (414 SE2d 728). We have reviewed the evidence in favor of the jury's verdict and find it sufficient to enable a rational trier of fact to find appellant committed the offenses charged, including the element of driving on a

public highway as stated in OCGA § 40-5-121, beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

As to the contention that there is no evidence appellant drove on a public highway because no one saw him drive on a public highway, it is the nature of the legal inquiry that where there is no eyewitness to the offense, the jury determines what a defendant did in the pertinent past according to present evidence, including circumstantial evidence; it is the nature of crime that it is usually done surreptitiously and the conclusion that a defendant did the deed must often, of necessity, be taken from evidence other than his being caught in the act. This is the very nature of circumstantial evidence. As for whether any other reasonable hypotheses existed than that appellant had driven drunk on a public highway, the defendant's explanation is taken into consideration insofar as it is consistent with the circumstantial evidence (*Townsend v. State*, 127 Ga. App. 797, 799 (195 SE2d 474)); we have no yardstick for what is consistent or reasonable save the opinion of the jurors, who are in the best position to determine credibility of witnesses and questions of reasonableness. *Glover v. State*, 237 Ga. 859, 860 (230 SE2d 293); *Harris v. State*, 236 Ga. 242, 244 (223 SE2d 643); *Mercier v. Mercier*, 46 Ga. 643; *Williams v. State*, 153 Ga. App. 890, 894 (267 SE2d 305); *Townsend*, supra.

2. As the officer had probable cause to suspect appellant had been driving while intoxicated, the arrest was not illegal.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 8, 1993.

*David E. Clark*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Deborah M. Perlis, Assistant Solicitor*, for appellee.

