A93A1948. VICK v. THE STATE.
(440 SE2d 508)

SMITH, Judge.

David Allen Vick, Brandon Cole Hobbs, and Shannon Douglas Leonard were indicted by the Bartow County grand jury on November 1, 1991 on one count of armed robbery. OCGA § 16-8-41 (a). Be-

cause of a name defect in the indictment, the three were reindicted on February 4, 1993. Vick's companions pled guilty and were called as witnesses by the State, and Vick was convicted. A motion for new trial was made and denied, and he appeals.

1. Vick enumerates as error the general grounds on the overruling of his motion for new trial. On appeal, the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), applies. Viewed in the light most favorable to the verdict, *Gazaway v. State*, 207 Ga. App. 641, 642 (1) (428 SE2d 659) (1993), the evidence showed that Vick and his two companions escaped from the Gilmer County jail in the early morning hours of December 4, 1990 and embarked on a twenty-four hour, three-county crime spree during which they stole a vehicle, firearms, jewelry, clothes, and money to continue their escape and to obtain alcohol and drugs. By nightfall of the same day, the three discussed committing an armed robbery to get more money. They decided to rob the service station owned by Leonard's brother-in-law and determined that Hobbs would enter the store with the stolen shotgun while Leonard and Vick remained in the stolen truck. Vick was present in the truck while Hobbs entered the service station and robbed the owner of over $500. There was evidence that Vick threatened Leonard when he became afraid and attempted to leave the truck. Shortly thereafter, their stolen truck was pulled over by officers of the Kennesaw police department. Vick's companions were arrested, while Vick fled the scene and was captured about an hour later.

Vick complains that the elements of armed robbery were not proved as to him, both because he did not actively participate as either the driver or the gunman and because he was too intoxicated to appreciate what had occurred until after the robbery was complete. While mere presence at the scene of a crime does not support a conviction, " ' "presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." ' [Cit.]" *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327) (1980). There was evidence that Vick shared in the proceeds of the various crimes perpetrated by the trio, including those of the robbery, that he participated in planning the armed robbery, and that he was sufficiently sober both to discuss those plans and to elude the police for almost an hour after his companions' arrest. While there was conflicting evidence on some of these issues, "[i]t is the function of the jury, not the appellate court, to resolve conflicts in the testimony and determine the credibility of the witnesses. [Cits.]" *Williams v. State*, 195 Ga. App. 422, 423 (1) (394 SE2d 112) (1990). A rational trier of fact could reasonably find that Vick was guilty of the offense charged beyond a reasonable doubt under the standard of *Jackson v. Virginia*.

2. Vick complains of the admission of evidence of his escape from the Gilmer County jail. However, the escape and ensuing crime spree are part of the res gestae of the offense under consideration here. All the events that took place during the 24-hour escape were interconnected, a "continuous action," as the trial court characterized it, springing out of the trio's escape and the need to finance it. "It is well settled in this state that acts are pertinent as a part of the *res gestae* if they are done pending the hostile enterprise, and if they bear upon it, are performed whilst it is in continuous progress to its catastrophe, and are of a nature to promote or obstruct, advance or retard it, or to evince essential motive or purpose in reference to it. One of the exceptions to the rule that on prosecution for a particular crime evidence which tends to show that the defendant committed another crime wholly independent from that for which he is on trial is irrelevant and inadmissible, is where the other crime is a part of the *res gestae*. Therefore, a trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous." (Citations and punctuation omitted.) *Sypho v. State*, 175 Ga. App. 833, 835 (3) (334 SE2d 878) (1985). The trial court did not err in admitting evidence of Vick's escape from jail.

3. Vick also enumerates as error the trial court's failure to grant his motion to dismiss because the State failed to afford him a speedy trial. Vick was arrested on December 5, 1990. He was originally indicted on November 1, 1991 and reindicted on February 4, 1993. The trial took place on March 29 and 30, 1993.

Vick acknowledges that his preindictment, pro se motion for a "fast and speedy" trial did not comply with the requirements for a statutory demand under OCGA § 17-7-171. See *Little v. State*, 188 Ga. App. 410 (1) (373 SE2d 260) (1988). We therefore need only address whether Vick's constitutional right to a speedy trial was violated under the four-part standard of *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), considering the length of delay, the reason for delay, the defendant's assertion of his right, and the prejudice to the defendant. See *Roundtree v. State*, 192 Ga. App. 803 (1) (386 SE2d 548) (1989).

(a) Approximately 28 months elapsed between Vick's arrest and trial. However, " 'mere passage of time is not enough, without more, to constitute a denial of due process.' " *Heinen v. State*, 186 Ga. App. 373, 374 (367 SE2d 275) (1988) (delay of seven years and five months where witness temporarily incompetent). See also *Simpson v. State*, 150 Ga. App. 814, 815 (1) (258 SE2d 634) (1979) (34 months; record silent as to reason for delay); *McClanahan v. State*, 196 Ga. App. 737 (2) (397 SE2d 24) (1990) (35 months).

(b) The delay apparently arose from Vick's prior conviction and his participation in the escape from jail and subsequent crime spree, rather than from any deliberate attempt by the State to delay his trial. At the time of the escape from the Gilmer County jail, Vick was confined on a bench warrant from the City of Ellijay for "back fines." He was also on probation from a 1984 burglary conviction. After his apprehension following the escape, a revocation hearing was held on January 2, 1991 as to Vick and one of his companions, and their probation was revoked. Vick was then remanded to the state correctional system. Additionally, Vick and his companions faced multiple charges in Gilmer and Cobb counties arising from the escape, the burglary, the auto theft, and theft of gasoline, as well as the charges for which they were confined to the jail at the time of their escape. While acknowledging the passage of time between Vick's arrest and trial, the State contends that the delay was due to the logistical difficulties created by multiple criminal charges against three individuals in three jurisdictions, probation revocation and re-confinement in state prison, and reindictment. Vick has presented no evidence that "there was a deliberate delay for the purpose of hampering the defense." *Heinen v. State*, supra, 186 Ga. App. at 374-375.

(c) The State acknowledges that Vick filed his pro se motion for a speedy trial approximately six months after his arrest, and thus asserted his right.

(d) The fourth *Barker* factor includes three elements: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, supra, 407 U. S. at 532. At the time of his motion for a speedy trial, Vick was already confined in state prison on an unrelated charge, and was facing numerous other charges arising out of his escape and the ensuing crime spree. He has made no showing of any isolated or distinct oppressiveness, anxiety, or concern he may have suffered regarding this specific charge. See *Glidewell v. State*, 169 Ga. App. 858, 861 (2) (314 SE2d 924) (1984). Moreover, he has not shown any prejudice to his defense by the delay. He has not shown that any witnesses were unavailable or any evidence missing. In fact, he articulates no specific instance of prejudice, contending merely that the delay was per se prejudicial and that he *may* have been denied the benefit of exculpatory or mitigating evidence or testimony which *may* have become distorted over time. " 'There must be more than a mere claim of prejudice; it must be shown, and this the accused did not do.' [Cit.]" *Heinen v. State*, supra, 186 Ga. App. at 375-376.

Considering all these factors, the trial court did not abuse its discretion in refusing to dismiss the indictment.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED JANUARY 26, 1994.

*Lanser, Levinson & Paul, Christopher G. Paul,* for appellant.
*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.