## S95A1237. BURNS v. THE STATE.
(462 SE2d 622)

SEARS, Justice.

The appellant, Frankie Burns, was arrested for murder and armed robbery in January 1993. In May 1994 Burns filed a demand for a speedy trial pursuant to OCGA § 17-7-171. On January 20, 1995, Burns, who has been incarcerated since his arrest, filed a motion contending that he was entitled to be acquitted on the charges filed against him because the state had failed to comply with his demand for a speedy trial within the time required by § 17-7-171 (b) and because the state's delay in bringing him to trial violated the speedy trial protections of the United States and Georgia constitutions. The trial court denied the motion, and Burns filed this appeal.[1] We affirm.

We find no merit to Burns's demand for acquittal under § 17-7-171 (b), as Burns did not satisfy the statutory requirement that, at some point during the first two regular terms of court following the filing of his demand, he be "present in court announcing ready for trial and requesting a trial on the indictment."[2] Although Burns's

---

[1] Although the order denying Burns's motion for acquittal was interlocutory, the order is directly appealable. *Boseman v. State,* 263 Ga. 730, n. 1 (438 SE2d 626) (1994).

[2] OCGA § 17-7-171 (b). See *Rice v. State,* 264 Ga. 846 (452 SE2d 492) (1995); *Smith v. State,* 261 Ga. 298, 299, n. 3 (404 SE2d 115) (1991); *Dennis v. Grimes,* 216 Ga. 671, 672-673 (3) (118 SE2d 923) (1961).

case did not appear on a trial calendar during the first two regular terms following the term in which the demand was filed, Burns was nevertheless required to comply with the foregoing statutory requirement either through his own actions or those of his attorney.[3] Moreover, having considered the appropriate factors, we hold that the trial court did not abuse its discretion in ruling that Burns's constitutional right to a speedy trial has not been violated.[4] Finally, as for Burns's contention that his pre-trial incarceration amounts to an unconstitutional punishment under the rationale of *Bell v. Wolfish*, 441 U. S. 520 (99 SC 1861, 60 LE2d 447) (1979), we note that this issue was not raised below and may not be raised for the first time on appeal.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 16, 1995.

*Cook, Noell, Tolley & Wiggins, Edward D. Tolley, Ronald E. Houser,* for appellant.
*Harry N. Gordon, District Attorney, Richard L. Dickson, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.

---

[3] *Smith*, 261 Ga. at 299, n. 3; *Dennis*, 216 Ga. at 672-673.
[4] *Barker v. Wingo*, 407 U. S. 514, 530 (92 SC 2182, 33 LE2d 101) (1972); *Boseman v. State*, 263 Ga. at 731-732 (1); *Brown v. State*, 264 Ga. 803, 805 (2) (450 SE2d 821) (1994).
[5] *Tanthongsack v. State*, 265 Ga. 88 (1) (453 SE2d 468) (1995).
[1] OCGA § 17-7-70.1 became effective July 1, 1992. Prior to its enactment, the State was required to obtain a waiver of indictment before proceeding against a defendant, for any