A96A0209. WILLIAMS v. THE STATE.
(471 SE2d 258)

RUFFIN, Judge.

A jury convicted Keith Williams of robbery by force, and the trial court denied his motion for new trial. Williams appeals, citing as error the court's charge to the jury and the sufficiency of the evidence. For reasons which follow, we affirm.

Construed most favorably to uphold the verdict, the evidence at trial showed that on the evening of the robbery, Williams and a companion, Joseph Huff, sold a $20 piece of purported crack cocaine to the victim. When the victim returned home later that evening, he was met in his front yard by Huff and Williams. Huff approached the victim and demanded his money. When the victim refused, Huff produced a knife and told Williams to hold the victim's arms. While Williams was holding the victim, Huff searched his pockets and removed approximately $180. Williams and Huff then fled the scene. The victim called the police and identified Williams, whom he had known for approximately twenty years, as one of the robbers.

Huff, who previously pled guilty to armed robbery, testified at trial as a State's witness. He stated that when the victim paid for the cocaine, both he and Williams noticed he had a $100 bill. Huff further testified that after the transaction, he and Williams discussed robbing the victim. Huff stated that after the robbery, he gave Williams some of the money they took from the victim.

1. Williams asserts that the trial court erred in refusing his request to charge the jury on mistake of fact. In his brief, Williams contends that at the time of the robbery he thought Huff and the victim were fighting, and he held the victim's arm in an attempt to stop the fight. He argues that because he did not know Huff was robbing the victim, the trial court should have charged the jury on his defense of mistake. We find, however, that the evidence did not support a charge on mistake.

OCGA § 16-3-5 provides that "[a] person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission." In this case, the evidence did not show that Williams' participation in the robbery was by mistake; rather, it showed that Williams *denied participating in the act* that constituted robbery. Williams testified that when he approached Huff and the victim, they were arguing about the cocaine the victim purchased. While he admits he briefly grabbed the victim's hand to break up the fight, he also testified that he released the hand before the robbery took place. Because Williams denied holding the victim during the robbery, he cannot now claim he participated in the robbery by mistake. One cannot deny committing an act, while at the same time argue he committed the act by mistake. Accordingly, "[t]he evidence adduced at trial clearly did not authorize a charge on mistake of fact, and the trial court was correct in refusing to give the charge. This enumeration is without merit. [Cit.]" *Sims v. State*, 197 Ga. App. 214, 218 (7) (398 SE2d 244) (1990). Jury charges should be submitted on the bases of evidence and applicability, not on the bases of habit and hope.

2. Williams asserts that the trial court erred in failing to charge the jury as follows: "A person is justified in using force which is intended or likely to cause death or great bodily harm if he reasonably believes such force is necessary to prevent death or great bodily injury to a third person (or to other persons)." We disagree.

We find here, as we did in Division 1, that the evidence did not support the requested charge. Because Williams does not explain who he was using force in defending, we can assume only that he argues he was using force against the victim to defend his accomplice, Huff. However, Williams cannot deny participating in the robbery, while at the same time argue his participation was justified because he was defending Huff. Because there was no evidence showing that at the time of the robbery Williams held the victim to defend Huff, the charge was not warranted. See *Fields v. State*, 167 Ga. App. 816 (3) (307 SE2d 712) (1983). Furthermore, because there was no evidence presented that the victim intended to cause death or great bodily harm to Huff, Williams' request to charge was not properly adjusted to the evidence. See *Pruitt v. State*, 211 Ga. App. 654 (2) (440 SE2d 248) (1994). Accordingly, we find no error.

3. Williams asserts that the trial court erred in failing to give his requested charge that the testimony of an accomplice must be corroborated by other evidence. OCGA § 24-4-8 requires corroborating evidence in "felony cases where the only witness is an accomplice. . . ." In this case, however, Williams' accomplice was not the only witness. The robbery victim and the investigating officer also testified as to Williams' participation in the robbery. Because Williams' guilt was not based solely upon Huff's testimony, the court did not err in failing to give the requested charge. *Maxwell v. State*, 170 Ga. App. 831 (2) (a) (318 SE2d 650) (1984).

4. Finally, Williams challenges the sufficiency of the evidence. Contrary to Williams' contention, we find the evidence was sufficient to show that he was not merely present at the scene, but was an actual participant in the robbery. See *Vick v. State*, 211 Ga. App. 735 (1) (440 SE2d 508) (1994). Furthermore, although there was conflicting testimony as to Williams' participation in the robbery, " '(i)t is the function of the jury, not the appellate court, to resolve conflicts in the testimony and determine the credibility of the witnesses. (Cits.)' [Cit.]" Id. at 736. The evidence was sufficient to authorize the jury's verdict that Williams is guilty of robbery by force beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Vick*, supra.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 6, 1996.

*Robert M. Bearden, Jr.*, for appellant.

*Charles H. Weston, District Attorney, Wayne G. Tillis, Thomas J. Matthews, Assistant District Attorneys*, for appellee.