A97A0353. DAUGHENBAUGH v. THE STATE.
(482 SE2d 517)

BLACKBURN, Judge.
Robert Daughenbaugh appeals the trial court's denial of his motion to dismiss the indictment against him based on the State's failure to grant him a speedy trial, as guaranteed by the Sixth Amendment of the United States Constitution. The DeKalb County indictment charged him with murder, felony murder, possession of a firearm by a convicted felon, and arson in connection with the 1990 murder of Thomas Kidwell. After the trial court denied the motion, it held a bench trial on stipulated facts and convicted Daughenbaugh of the lesser included offense of conspiracy to murder and of possession of a firearm by a convicted felon. The remaining charges were dead-docketed.

Daughenbaugh was a fugitive at the time of the 1990 crime, having escaped from a Kentucky prison while serving a 41-year sentence

for manslaughter, burglary, attempted arson, and theft. He turned himself in to Kentucky authorities in January 1991. In February 1991, Daughenbaugh learned he and several others had been indicted by a Fulton County grand jury for the Kidwell murder. In May 1991, Daughenbaugh was transported to Georgia to serve as a witness in the trial of three of the Kidwell defendants but did not testify. Because he had outstanding Kentucky charges connected with his escape, Kentucky authorities would not release him to be tried with those other defendants even though he had waived jurisdiction. In August 1991, Daughenbaugh was sentenced to an additional six years in a Kentucky prison for his escape.

Between 1991 and 1993, both Fulton County and federal authorities considered prosecuting the case. The federal authorities took over the prosecution from Fulton County but then declined to proceed. In 1993, after a key witness decided to cooperate with prosecutors and offered new evidence, authorities determined proper venue of the case was in DeKalb County and not Fulton County, and the case was transferred there. DeKalb County first indicted Daughenbaugh in August 1993.

Daughenbaugh testified that in 1991, after being indicted by Fulton County, he tried to seek disposal of the case under the provisions of the Interstate Agreement on Detainers (OCGA § 42-6-20) but the detainer previously on file had been dismissed. He also prepared but did not file several documents demanding a speedy trial. In April 1994, Daughenbaugh learned he had been indicted for the murder along with William W. Shields in DeKalb County. Shields was tried and convicted in June 1994. During that same month, it appears Daughenbaugh filed his first demand for speedy trial. In November 1994, Daughenbaugh learned DeKalb County had filed a detainer against him, which gave notice to Kentucky authorities that it sought to prosecute him.

Apparently in response to DeKalb County's notice of detainer, Daughenbaugh testified that in March 1995 he filed a motion pro se to dismiss for violation of his speedy trial rights which the record reflects was not filed until May 1995. In January 1996, Daughenbaugh filed a request to dispose of these charges under authority of the Interstate Agreement on Detainers. He was tried in June 1996, with the parties entering as stipulated evidence the transcript of the Shields trial held in 1994, which included testimony implicating Daughenbaugh.

Daughenbaugh's claim that his right to a speedy trial was violated is reviewed under the factors outlined by the Supreme Court in *Barker v. Wingo*, 407 U. S. 514, 530 (92 SC 2182, 33 LE2d 101) (1972) to determine whether the trial court abused its discretion in denying the motion. *Burns v. State*, 265 Ga. 763, 764 (462 SE2d 622) (1995).

The four factors in the balancing test are: (1) length of delay; (2) reason for delay; (3) defendant's assertion of rights; and (4) prejudice to defendant. *Barker*, supra at 530.

*Length of Delay.* As Daughenbaugh was originally indicted in 1991 and was not tried until 1996, the delay is sufficient to trigger a threshold presumption of prejudice. See *Brown v. State*, 264 Ga. 803, 805 (2) (450 SE2d 821) (1994). The effect of delay on the court's determination increases with the length of delay; however, mere delay is not, by itself, sufficient to find a violation. *Doggett v. United States*, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992). See also *Obiozor v. State*, 213 Ga. App. 523, 524 (2) (445 SE2d 553) (1994).

*Reason for Delay.* Because some of the delay in prosecuting this case is unexplained, this factor is construed against the State. See *Brown*, supra. However, the record shows that a significant portion of the delay is attributable to jurisdictional and venue questions which arose between federal, Fulton County, and DeKalb County authorities. Venue in DeKalb County was not apparent until 1993, when a witness came forward with more information about the murder. While these questions took time to resolve, the resulting delay is understandable. See *Haisman v. State*, 242 Ga. 896, 898 (252 SE2d 397) (1979) (delay justified where attributed to necessary further investigation); *Vick v. State*, 211 Ga. App. 735, 738 (3) (b) (440 SE2d 508) (1994) (delay caused by logistical difficulties arising from multi-jurisdictional prosecutions); see also *Doggett*, supra at 656 ("pretrial delay is often both inevitable and wholly justifiable"). Furthermore, a portion of the delay resulted from Daughenbaugh's confinement by Kentucky authorities and their refusal to release him for trial in 1991 because of pending charges. See *Obiozor*, supra at 525 (finding defendant's confinement by federal authorities a factor in delay attributable to him). Thus, this factor does not weigh heavily against the State.

*Assertion of Rights.* Daughenbaugh did not assert his speedy trial rights until he filed a demand for trial in June 1994. He attributes his failure to assert his rights earlier to the action of Fulton County authorities in removing the detainer against him. However, the record clearly shows that Daughenbaugh knew of the Fulton County indictment against him in 1991 but did not diligently assert his right to a speedy trial even though he was aware of that right. Therefore, we do not construe this factor strongly in his favor. See *Doggett*, supra (if defendant knows of charges, failure to assert rights will be weighed heavily against him). The delay between June 1994 and the time of trial was not excessive.

*Prejudice to Defendant.* The court's consideration of prejudice extends to concerns of: (1) oppressive pretrial incarceration; (2) the anxiety caused by delay; and (3) the possibility the defendant's case

will be impaired by the passage of time. *Brown*, supra at 804-805, citing *Barker*, supra at 532. In light of the long Kentucky sentence he was serving, Daughenbaugh produced no evidence of pretrial incarceration attributable to the State's delay and only minimal evidence of additional anxiety caused thereby. See *Vick*, supra at 738.

As to the most important factor, impairment of the defendant's ability to defend himself, see *Doggett*, supra, the record shows the delay caused minimal harm, if any, to Daughenbaugh's defense. The only witnesses he contends were lost by the passage of time were two character witnesses — his mother and a minister — who died before trial. While witness Lori Wilt changed her testimony, that change did not result from delay. The parties stipulated that the only evidence bearing on Daughenbaugh's commission of the crime was the transcript of the Shields trial held in June 1994. Thus, any delay after Daughenbaugh filed his first demand for trial in June 1994 could not have resulted in prejudice to his case. See *Haisman*, supra at 899 (2) (finding that items of evidence that were lost did not prejudice defendant).

Balancing these factors pursuant to *Barker*, supra at 533, we find that while the delay in Daughenbaugh's trial is partially attributable to the State, the complex nature of the crime and Daughenbaugh's own failure to assert his rights also contributed significantly to the delay. Furthermore, it is apparent that no delay impaired Daughenbaugh's ability to defend himself. Under these circumstances, the trial court did not abuse its discretion in ruling that the State had not violated Daughenbaugh's Sixth Amendment right to speedy trial. See *Barker*, supra at 534.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur. Johnson, J., not participating.*

DECIDED FEBRUARY 28, 1997 — 

*Virginia W. Tinkler*, for appellant.
*J. Tom Morgan, District Attorney, Thomas S. Clegg, Desiree S. Peagler, Assistant District Attorneys*, for appellee.

