## A97A2033. WRIGHT v. THE STATE.

(491 SE2d 466)

JOHNSON, Judge.

A jury found Horace Wright, Jr. guilty of selling cocaine. He appeals from the judgment entered on that conviction.

Wright asserts, in his single enumeration of error, that the trial court erred in admitting similar transaction evidence. In his brief, however, Wright does not argue that the trial court erred in admitting the similar transactions evidence. In fact, he appears to concede that the similar transactions were properly admitted, but argues that the limited purpose charge given to the jury when the evidence was introduced was insufficient. "On appeal an enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration. [Cit.]" *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522) (1991). Therefore, Wright's argument regarding the sufficiency of the limiting instruction is not properly before us for consideration.

Although we do not reach the merits of his argument, we note that Wright's argument raises an issue recently addressed by this Court in *Belt v. State*, 227 Ga. App. 425 (489 SE2d 157) (1997). There, a sharply divided court held that the *total* failure of a trial court to give a limiting instruction contemporaneously with the admission of similar transaction evidence may constitute reversible error even in the absence of an objection during trial. Here, in the colloquy between the trial court and counsel at the time the evidence was admitted, the judge specifically delineated the limited purposes for which the evidence was being admitted. This colloquy took place in the jury's presence. The limited purpose for which the evidence was admitted was not presented to the jury in the form of a jury instruction, however. No objection was made. While the procedure followed by the trial court in this case raises several interesting questions in light of *Belt*, supra, they are not properly before us for review.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 22, 1997.

*Lloyd J. Matthews*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.