## A97A1773. BOONE v. THE STATE.
(494 SE2d 100)

Judge Harold R. Banke.

A jury convicted Henry E. Boone of weaving on the roadway, speeding, fleeing and attempting to elude a police officer, driving with a suspended license, reckless driving, obstruction of an officer, robbery by sudden snatching, possession of a firearm by a convicted felon, and possession of marijuana with intent to distribute. The trial court sentenced Boone as a recidivist. On appeal, Boone enumerates seven errors.

The evidence, when viewed in a light to support the verdict, showed that while deputy sheriff Charles Harrod was on patrol, he observed a vehicle weaving. Believing that the driver might be under the influence, Harrod activated his blue lights and pulled behind Boone. Instead of stopping, Boone accelerated, proceeding onto the interstate where he forced two cars off the road. Boone's speed at times exceeded 110 mph. After Boone exited the interstate, he continued speeding and failed to heed a four-way stop. Eventually, Boone turned, slammed on his brakes, leaped from his car and began running. Drawing his weapon, Harrod chased Boone on foot, yelling for him to stop. Instead of submitting to arrest, Boone suddenly turned and tackled Harrod. A violent struggle over the handgun ensued and during the fray Boone was wounded in his left shoulder. Boone managed to obtain control over the gun and escaped. Two days later, in need of medical attention, Boone turned himself in. Police recovered the stolen weapon from a vacant house trailer.

Within ten to twelve feet of the site of the struggle, investigators recovered a sandwich bag containing marijuana. A drug agent testified that the marijuana had been packaged in three separate bags consistent with drugs packaged for sale and not personal use. At the time of the chase, Boone was on probation for the offense of possession of marijuana with intent to distribute and his license was under suspension. While in custody, Boone provided varying incriminating versions of events. *Held*:

1. Boone contends that he was deprived of his right to a speedy trial which he asserted only under the Sixth Amendment of the federal Constitution.[1] Because nothing in Boone's speedy trial demand refers to the Georgia Constitution or OCGA § 17-7-170, his claim is reviewed under the factors outlined in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972) to determine whether the trial court abused its discretion in failing to grant the demand. *Burns v.*

---

[1] Boone obtained appointed counsel on August 3, 1995. Inexplicably, despite having counsel, another demand for speedy trial was filed by Boone, pro se, on September 12, 1995. That pro se demand was filed under OCGA § 17-7-170.

*State*, 265 Ga. 763, 764 (462 SE2d 622) (1995). *Barker* requires a four factor analysis of: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. *Perry v. Mitchell*, 253 Ga. 593, 594 (322 SE2d 273) (1984).

Boone was indicted in July 1995, filed his demand in August 1995, and was tried in August 1996. Inasmuch as Boone was incarcerated for a parole violation, he cannot show that his incarceration was attributable to an effort by the State to delay his trial. Nothing in the record indicates that the State attempted to delay the trial or that Boone sustained prejudice. Nor was the length of delay between the August 1995 demand and the time of trial excessive. *Daughenbaugh v. State*, 225 Ga. App. 7, 9 (482 SE2d 517) (1997) (applying federal standard to speedy trial demand asserted under federal constitution). Moreover, in light of the overwhelming evidence of Boone's guilt as attested to by the deputy involved in the chase and its aftermath, and the videotape which captured most of the activity, it is difficult to see how the delay could have impaired Boone's defense. *Daughenbaugh*, 225 Ga. App. at 10.

2. Boone contends that the trial court erred in failing to grant his motion to appoint a psychiatrist to evaluate his competency to stand trial. Prior to trial, when afforded an opportunity to argue all motions, Boone apparently elected to abandon this issue. At no time prior to or during the trial did Boone argue that he suffered from any disability or mental problems. Under these circumstances, the issue was not preserved for review. *Brown v. Thomas*, 257 Ga. 68, 69 (1) (354 SE2d 830) (1987) (error not raised in trial court not subject to appeal); *Dupree v. State*, 206 Ga. App. 4 (1) (a) (424 SE2d 316) (1992).

3. The trial court did not err in denying Boone's motions for directed verdict as to the offenses of robbery by sudden snatching and possession of a firearm by a convicted felon.

(a) The pertinent elements of the crime of robbery by sudden snatching are: with intent to commit theft, taking the property of another from his person, by sudden snatching. OCGA § 16-8-40 (a) (3). Although Boone urges that the State failed to prove that he had the requisite intent to commit theft because he merely procured the gun to defend himself, the State's evidence established otherwise. After Boone managed to snatch away the personal weapon belonging to Harrod, he then left the area with it and placed it in a house trailer. This evidence was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to sustain the denial of the motion for directed verdict. See *Carter v. State*, 222 Ga. App. 397 (1) (474 SE2d 228) (1996) (trial court's denial of directed verdict reviewed by sufficiency standard).

(b) Although Boone claims that his prior felony conviction is void

because he entered a guilty plea without benefit of counsel, the record indisputably demonstrates that a defense attorney's signature appears on the plea agreement form directly above Boone's signature. In light of the trial evidence that Boone stole a gun from the officer's person, a rational trier of fact could have found Boone guilty beyond a reasonable doubt of the offense of possession of a firearm by a convicted felon in violation of OCGA § 16-11-131 (b).

4. The trial court did not err by not charging on the lesser included offense of possession of marijuana. Although the State requested the charge on the lesser included offense, Boone objected and the trial court denied the State's request. A party cannot submit to a ruling or acquiesce to it (or, as here, solicit it), then complain about the ruling on appeal. *Whisnant v. State*, 178 Ga. App. 742, 744 (2) (344 SE2d 536) (1986).

5. Since Boone's prior felony conviction was not void, the trial court did not err in sentencing him as a recidivist.

6. The trial court properly sentenced Boone for the offense of possession of a firearm by a convicted felon, notwithstanding his contention that his prior felony conviction was void.

7. The trial court did not err in sentencing Boone for the separate crimes of weaving on the roadway, speeding, and reckless driving. The elements of the offense of reckless driving are: driving a vehicle in reckless disregard for the safety of others. Here, Boone committed the act of reckless driving when while driving his vehicle, he forced two other cars off the interstate. Neither speeding nor weaving on the roadway was included in the reckless driving offense as a matter of fact. OCGA § 16-1-6 (1). See *Dawson v. State*, 203 Ga. App. 146, 147-148 (2) (416 SE2d 125) (1992).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED NOVEMBER 14, 1997.

*Jack W. Carter*, for appellant.
*Robert B. Ellis, Jr., District Attorney, Timothy L. Eidson, Assistant District Attorney*, for appellee.