A98A0903. BROWN v. THE STATE.
(504 SE2d 35)

ANDREWS, Chief Judge.

Rose Mae Brown a/k/a Brenda Rose Brown appeals from a conviction of robbery by force and contributing to the delinquency of a minor. Brown contends on appeal that the evidence was insufficient to support the verdicts. For the reasons which follow, we affirm in part and reverse in part.

The evidence at trial, taken in the light most favorable to the jury's verdict, *Gazaway v. State*, 207 Ga. App. 641, 642 (428 SE2d 659) (1993), was that on February 21, 1995, Brown, her husband Louis Brown, her stepdaughter Michelle Quinones, and Michelle Quinones' 16-year-old nephew, Chris Quinones, were riding around and doing drugs. While riding around, the topic of money came up, and the idea was proposed to rob Brown's 80-year-old father-in-law, Jim Brown, who was known to keep large sums of cash on his person. Brown called her father-in-law to see if he was there and hung up the phone after he answered. After appellant told the others he was home, Louis Brown dropped off Chris Quinones near the father-in-law's house. Chris Quinones posed as a motorist needing to call for assistance. Once inside, Chris Quinones ripped the phone out of the wall, pushed Mr. Brown to the floor, stepped on his throat, and demanded the money, about $14,000, which Mr. Brown handed over to the juvenile. Chris Quinones returned to the car and split the cash with Louis Brown. The group then drove to a motel in Buford, where they rented a room and purchased and used more drugs.

Upon being arrested for robbery by force, Brown gave a statement to an investigator in which she admitted to knowledge of the group's planned robbery and her participation by placing the call to see if he was home. Brown stated she never had possession of the money, but when she wanted something, she would just ask Louis Brown for it.

1. The evidence was sufficient to support the verdict of robbery by force. "On appeal from a criminal conviction, the evidence must be

viewed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence; moreover[,] an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]." *Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995). Brown argues that because she did not act in carrying out the robbery or receive any of the money, she did not commit robbery. This is incorrect. This Court in *Vick v. State*, 211 Ga. App. 735 (440 SE2d 508) (1994), affirmed a conviction for robbery by force, even though the defendant did not perform the robbery, when evidence was offered showing the defendant shared in the proceeds of the robbery and participated in its planning. "[P]resence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Citation and punctuation omitted.) Id. at 736. Testimony by Brown's co-conspirator, Michelle Quinones, and corroborated in Brown's own statement, showed she was not only present during the discussion of the robbery, but also actively participated by calling to confirm that Mr. Brown was home. The evidence also showed she benefited from the proceeds of the robbery through her husband getting her drugs when she wished. The evidence was more than sufficient to prove beyond a reasonable doubt that Brown was guilty as a party to the crime of robbery by force. OCGA § 16-2-20.

2. Appellant also contends the State did not submit sufficient evidence to prove beyond a reasonable doubt that she contributed to the delinquency of a minor, Chris Quinones. Specifically, Brown contends the term "knowingly" as used in OCGA § 16-12-1 (b) (4) required that the State prove she knew Chris Quinones was a minor under 17 years of age.

OCGA § 16-12-1 (b) (4) provides that: "A person commits the offense of contributing to the delinquency, unruliness, or deprivation of a minor when such person: . . . *[k]nowingly* and willfully hires, solicits, engages, contracts with, conspires with, encourages, abets, or directs any minor to commit any felony which encompasses force or violence as an element of the offense or delinquent act which would constitute a felony which encompasses force or violence as an element of the offense if committed by an adult." (Emphasis supplied.) Pursuant to OCGA § 16-12-1 (a) (3), any individual under the age of 17 years is a minor. At the time of the robbery, Chris Quinones was 16 years of age.

The issue presented is whether Brown's knowledge that Chris Quinones was under the age of 17 years was an essential element of the crime of contributing to the delinquency of a minor. Although there are no cases addressing this knowledge issue with respect to

OCGA § 16-12-1, the Supreme Court recently addressed the issue of whether knowledge of a minor's age was a scienter requirement under OCGA § 16-12-100 (b) (1) in *Phagan v. State*, 268 Ga. 272, 277-278 (486 SE2d 876) (1997). OCGA § 16-12-100 (b) (1) makes it unlawful "for any person *knowingly* to employ, use, persuade, induce, entice, or coerce any minor to engage in or assist any other person to engage in any sexually explicit conduct for the purpose of producing any visual medium depicting such conduct." (Emphasis supplied.) Under this statute, "minor" is defined as "any person under the age of 18 years." OCGA § 16-12-100 (a) (1). Focusing on the fact that the statute employs the term "knowingly," the Supreme Court held that, "OCGA § 16-12-100 (b) (1) clearly contains a scienter requirement: the accused must *knowingly* use or induce a minor to engage in sexually explicit conduct in order that a visual medium depicting the conduct may be produced. Compare OCGA § 16-6-3, in which the defendant's knowledge of the age of the victim is not an essential element of the crime of statutory rape. *Tant v. State*, 158 Ga. App. 624 (2) (281 SE2d 357) (1981). 'Where knowledge is made a part of the offense, so that scienter must be proved by the State, . . . the burden is on the State to prove the guilty knowledge.' *Robinson v. State*, 6 Ga. App. 696, 703 (65 SE 792) (1909)." *Phagan*, 268 Ga. at 278. The Supreme Court concluded in *Phagan* that the State had the burden of proving that the accused knew the minor in that case was under the age of 18 years. Id.

In setting forth the crime of contributing to the delinquency of a minor, OCGA § 16-12-1 (b) (4) also clearly employs the term "knowingly" as a scienter requirement. Accordingly, we conclude the term "knowingly" as used in the statute required the State to prove as an essential element of the offense that Brown knew Chris Quinones was under the age of 17 years.

Chris Quinones did not appear at the trial, so the jury was not able to judge his appearance and demeanor first-hand. The only evidence produced by the State as to the minor's physical appearance was testimony that he was about six feet tall. Nevertheless, the State produced evidence showing that Brown knew Chris Quinones; that she was related by remarriage to him, and that Brown, Brown's husband (Louis Brown), Brown's stepdaughter (Michelle Quinones), and Chris Quinones (nephew of Michelle) had been riding around in a car together all day and into the evening prior to the robbery. Brown's stepdaughter testified that all four of them had been together on and off for a couple of days and that on the day of the robbery all four of them had been "doing drugs and partying and drinking and stuff." The stepdaughter, who was living with Brown and her father at the time of the robbery, further testified that she knew Chris Quinones was about 16 years of age at the time. Additional evidence showed

that after the robbery, Brown and the other three, including the minor, traveled together to Atlanta and then to Florida.

The evidence establishes that Brown was related to the minor and that she spent a substantial amount of time around him in which she had the opportunity to know and observe him. The evidence also shows that Brown's stepdaughter, who lived with Brown and who had the same opportunity as Brown to know and observe the minor, knew that he was under the age of 17 years. Based on this evidence, the jury could conclude beyond a reasonable doubt that Brown knew the minor was under 17 years of age.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 1, 1998.

*Leo E. Benton, Jr.*, for appellant.

*Lydia J. Sartain, District Attorney, Leonard C. Parks, Jr., Scott A. Drake, Assistant District Attorneys*, for appellee.