### A98A1409. WILLINGHAM v. THE STATE.
(509 SE2d 744)

RUFFIN, Judge.

A jury found Curtis Willingham guilty of child molestation and statutory rape and not guilty of aggravated child molestation. Willingham appeals, asserting that the trial court erred in allowing his character to be impermissibly placed into issue at trial and in not charging the jury on the defenses of accident and mistake of fact. Willingham also enumerates as error several instances of ineffective assistance of trial counsel. We affirm Willingham's conviction, but remand the ineffective assistance claim to the trial court for an evidentiary hearing.

1. Willingham first contends that the trial court should have instructed the jury to disregard evidence that placed his character in issue, specifically: (1) his daughter's (the victim's) statement that "[h]e told me and my mom that he had a dream he was sleeping with my cousin and he told me one day that he would love to have sex with her but for me not to be telling my mom"; (2) the investigating officer's testimony that Willingham told him, "I did have a dream of touching my niece"; and (3) his own statement elicited on cross-

examination that, "I told my wife I had dreamed about my niece." However, because he did not object to these allegedly improper references to his character at trial, Willingham waived his right to review of this issue on appeal. "[I]t is well-settled in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection. In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which might have been raised." (Citation and punctuation omitted.) *Kapua v. State*, 228 Ga. App. 193, 196 (2) (491 SE2d 387) (1997); see also *Basu v. State*, 228 Ga. App. 591, 592-593 (1) (492 SE2d 329) (1997) (failure to raise issue at trial constitutes waiver). Accordingly, this contention is without merit.

In this same enumeration of error, Willingham also objects to the trial judge's statements during the sentencing phase which referred to Willingham's "dream" about his niece. This argument is patently different from that propounded in his enumeration of error that character evidence was wrongfully admitted at trial. "On appeal an enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration." (Citations omitted.) *Wright v. State*, 228 Ga. App. 223 (491 SE2d 466) (1997).

2. In two enumerations, Willingham alleges as error the trial court's failure to instruct the jury, sua sponte, on the defenses of accident and mistake of fact. Upon reviewing these contentions together, we conclude that this argument lacks merit.

At trial, Willingham repeatedly denied committing the crimes of which he had been charged. However, he also stated that, even if he had committed them, it was because he might have confused his daughter with his wife while their daughter was sleeping in the bed with them. He testified that "during the course of the night, I woke up and I had my hand between [my daughter's] legs and I told [her], I said, 'I swear I didn't know it was you.' I didn't know anything." He could not state definitively whether he tried to initiate intercourse with his daughter, thinking it was his wife. He also denied ever having put his mouth on her vagina by accident. And finally, he testified that the incriminating statement he gave to the investigating officer, including his admission that "I pulled down her panties and I tried to put my dick between her legs" was a lie and that he only admitted to molesting and raping his daughter because the officer told him "You're not leaving [this interview] until you give me what I want."

Willingham acknowledges that he did not request jury charges on the defenses of accident or mistake. "Generally, where no written request for a jury charge has been filed, the failure to give that charge is not error. However, failure to charge the sole defense, even

without a request, constitutes reversible error." (Citation and punctuation omitted.) *Clay v. State*, 232 Ga. App. 656, 658 (2) (503 SE2d 560) (1998). In the present case, the evidence clearly shows that Willingham's primary defense was not accident or mistake of fact, but to deny committing *any* of the acts which constituted the charges against him, including child molestation, aggravated child molestation, and statutory rape. Under these circumstances, "[Willingham] cannot deny committing an act, while at the same time argue he committed the act by mistake." *Williams v. State*, 221 Ga. App. 296, 297 (1) (471 SE2d 258) (1996).

Since neither accident nor mistake of fact was his sole defense, and the court properly charged on all essential elements of the crimes with which he was charged, he was not entitled to these charges as a matter of law. See *Williams*, supra (mistake of fact); *Henderson v. State*, 141 Ga. App. 430 (4) (233 SE2d 505) (1977) (accident).

3. In several enumerations of error, Willingham asserts for the first time on appeal that he was denied effective assistance of trial counsel. "An ineffectiveness claim may be raised for the first time in a direct appeal if the direct appeal marks the first appearance of new counsel. The record does not show that [Willingham's] new appellate counsel had an opportunity to raise the issue in the trial court pursuant to a motion for new trial; it shows that new counsel made his first appearance in the appeal. Accordingly, the case must be remanded to the trial court solely for consideration of the ineffective assistance of counsel issue. If the trial court finds that [Willingham] did not receive effective assistance of counsel, a new trial is required. If the trial court finds that [Willingham] did have effective assistance, he shall have 30 days in which to initiate an appeal of the trial court's ruling on the issue." (Citations omitted.) *Davitt v. State*, 232 Ga. App. 427, 429 (4) (502 SE2d 300) (1998).

*Judgment affirmed on condition and case remanded with direction. Pope, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 25, 1998.

*James P. Brown, Jr., Lloyd J. Matthews*, for appellant.
*Tommy K. Floyd, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.