## A99A2211. WILLINGHAM v. THE STATE.
### (527 SE2d 232)

BLACKBURN, Presiding Judge.

Curtis Willingham appeals his convictions of child molestation and statutory rape of his daughter. This is Willingham's second appeal of his convictions. Previously, in *Willingham v. State*, 235 Ga. App. 475 (509 SE2d 744) (1998), we determined that: (1) Willingham waived any error regarding the admission of testimony concerning his sexual dreams and fantasies of his niece; (2) the trial court did not err in failing sua sponte to instruct the jury on the defenses of accident and mistake of fact; and (3) it was necessary to remand the case for a hearing on Willingham's claims of ineffective assistance of counsel which were raised for the first time on appeal. In the present case, Willingham appeals the trial court's finding that he received effective assistance of counsel.

1. In his first assertion of error, Willingham again argues that the trial court erred by admitting testimony about his sexual dreams and fantasies regarding his niece. However, this error was decided against Willingham in his initial appeal, wherein we determined that Willingham's failure to object to such testimony waived any error. See *Willingham*, supra. It will not be addressed again. See *Parker v. State*, 229 Ga. App. 217, 218 (2) (493 SE2d 558) (1997) (assertion of same error in previous appeal renders issue res judicata).

2. Willingham contends that his trial counsel was ineffective because he failed to object to the testimony regarding Willingham's sexual dreams and fantasies involving his niece. After a hearing on this issue, the trial court determined that Willingham was afforded effective assistance of counsel. A trial court's finding that a defendant has received effective assistance of counsel will be upheld on appeal unless clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986).

"To establish a claim of ineffective assistance of counsel, [Willingham] must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that

the result of the trial would have been different but for that deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). [Willingham] must establish both the performance and the prejudice components of the *Strickland* test." *Johnson v. State*, 222 Ga. App. 722, 728 (9) (475 SE2d 918) (1996). To succeed in his claim, [Willingham] "must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." (Citation and punctuation omitted.) *White v. State*, 193 Ga. App. 428, 430 (2) (387 SE2d 921) (1989). We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial could not reliably have produced a just result. *Cunningham v. State*, 222 Ga. App. 740, 743 (2) (475 SE2d 924) (1996). [Willingham] must show that the trial court clearly erred and that such error was harmful in deciding whether his trial counsel was ineffective. Absent clear error and harm, we will affirm the trial court's finding that [Willingham] did not receive ineffective assistance of counsel. See id.

*Mency v. State*, 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997).

Assuming, but without deciding, that Willingham's trial counsel was deficient in failing to object to testimony regarding Willingham's sexual dreams and fantasies, the trial court's determination that such conduct did not prejudice Willingham's defense was not clearly erroneous. The record establishes overwhelming evidence upon which Willingham's conviction was based, including his confession to attempted statutory rape, medical evidence regarding the victim's condition, and the 11-year-old victim's testimony of the rape and repeated molestations. Willingham's defense was not prejudiced to the extent that it is reasonably probable that the trial outcome would have been different but for the alleged deficiency. See *Strickland*, supra.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 15, 1999.

*Lloyd J. Matthews*, for appellant.

*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Assistant District Attorney*, for appellee.