A06A1662. WHITE v. THE STATE.
(638 SE2d 426)

ADAMS, Judge.

Terry Allen White was tried before a jury and convicted of attempt to commit robbery by sudden snatching for which he received

---

a sentence of ten years' confinement to be served as a recidivist. White was appointed new counsel, and new counsel filed a motion for new trial, which was denied after a hearing. On appeal he enumerates three errors, all based on the trial court's decision to allow introduction of a statement he made to an investigating officer.

Construed in favor of the verdict, the evidence shows that on July 31, 2003, White and a man named Ed arrived at a convenience store together in White's wife's truck. They approached customer Terry Belcher and asked him to help them jump start their truck. After Belcher did so, they asked him for brake fluid. Belcher did not have any, but he went to the window of the store to buy some for the two men. When he did, Ed demanded Belcher's money then hit Belcher in the face and tried to grab his money. White was standing by the truck during the assault, and Belcher testified that White never took any action on him. But the store clerk testified that White yelled to Ed, "they are calling the police, they are calling the police . . . you need to run." White also fled, and the police used papers in the truck to identify the owner as his wife who later told police that her husband had been driving the truck that night.

One week later, the investigating officer located White and read him his *Miranda* rights. White agreed to waive his rights, and he signed a standard form in which he waived his constitutional rights, including his right to remain silent and to have a lawyer present. White then gave a tape-recorded statement.

In the statement, White candidly related the events of the day and of the assault. White and Ed had been together that day asking strangers for gas money and then using the money to buy drugs. Then that night, Ed suggested that they could get some money at the convenience store, which is where Ed assaulted Belcher and tried to take his money. White related that after the clerk called the police, the two men fled and eventually split up. Ed was never found, and only White was tried in connection with the incident.

Prior to the beginning of the trial, White's counsel noted that the State intended to introduce White's statement, and he objected to portions of the statement in which he admitted purchasing crack cocaine on the day of the incident. White's counsel argued that the statement was not a part of the res gestae of the crime and that its prejudicial value outweighed its probative value. The State countered that the statement was part of the res gestae in that it showed the defendant's motive for robbing the victim. The trial court agreed and stated that the evidence showed that White and Ed "were wanting to obtain money to obtain drugs or on a constant mission on getting money and drugs. . . ." When the tape was presented as evidence and played for the jury, White's attorney stated that he had no objection.

1. White contends the evidence was not admissible as res gestae. He contends res gestae evidence essentially must be an excited utterance. See OCGA § 24-3-3. But in Georgia there are two kinds of res gestae evidence. In the second kind, "[e]ven though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. This is true even if the defendant's character is incidentally placed in issue." *Satterfield v. State*, 256 Ga. 593, 598 (6) (351 SE2d 625) (1987). See also *Vick v. State*, 211 Ga. App. 735, 737 (2) (440 SE2d 508) (1994) (escape from jail admissible as res gestae of ensuing crime spree). The trial court's decision on res gestae will not be disturbed on appeal unless clearly erroneous. Id. Here, the trial court correctly held that the events leading up to the assault on Belcher serve to illustrate White's motive in participating with Ed to steal money from Belcher. Even if White had reiterated his objection at trial, the statement was admissible and we find no error.

2. In two separate enumerations White contends his trial counsel was ineffective with regard to his tape-recorded statement because counsel should have demanded a *Jackson-Denno* hearing or a hearing to determine the admissibility of a similar transaction.

> In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. . . . In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Citations and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

First, proper res gestae evidence may be admitted without having to follow the rules regarding prior similar transactions:

> Nothing in [Uniform Superior Court Rule 31.3 (E)] is intended to prohibit the state from introducing evidence of similar transactions or occurrences which are . . . immediately related in time and place to the charge being tried, as part of a single, continuous transaction.

*Wesson v. State*, 279 Ga. App. 428, 433 (3) (631 SE2d 451) (2006).

Second, assuming that trial counsel should have demanded a *Jackson-Denno* hearing, White has not shown how a hearing would have altered the outcome. At the hearing on the motion for new trial, White failed to introduce any evidence whatsoever to suggest that his statement was involuntary. Accordingly, this contention fails. See *Givens v. State*, 281 Ga. App. 370, 372 (2) (636 SE2d 94) (2006); *Bunkley v. State*, 278 Ga. App. 450, 454 (1) (b) (629 SE2d 112) (2006).

We find no error in the trial court's determination that White received effective assistance of counsel.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 6, 2006.

*Larry R. Pruden*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Layla V. Hinton, Assistant District Attorney*, for appellee.