A97A2061. BIRDWELL v. THE STATE.
(494 SE2d 699)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with four counts of child molestation for acts committed against his stepgranddaughter, T. W., then age 11, at defendant's residence in Barrow County, Georgia. According to the victim, she awakened on a love seat, to find defendant "had his hand under [her] shirt and under [her] bra." Another time, defendant was "laying on the couch with [the victim], and he had his hand inside [her] panties; and he was like rubbing it." After a funeral for the victim's uncle, defendant again felt the victim's genitals, "when [they] were on the loveseat. . . ." The last time, she awoke to find defendant "laying beside [her]. And he had his hand in — under [the victim's] clothes, and he had . . . his hand on [her] hand; and it was inside of his underwear." Defendant was "making [the victim] rub like around it in a circle." She confirmed this was "[h]is private part."

Linda Sharon Skinner, defendant's former wife, related defendant's statement wherein he told Skinner "he had wanted to tell [her] so many times [about T. W.'s accusations], but he didn't know

how. . . . He told [Skinner] that it only happened once [and that] he didn't know why he did it." Deputy Ray Brown of the Barrow County Sheriff's Office identified an audiotape he made of an interview with defendant, wherein defendant admitted that he once "awoke and his hand was on [the victim's] vagina. . . ." Phyllis Marsteller, an investigator with the Jackson County Department of Family & Children Services, interviewed the victim, T. W. Marsteller started out by asking T. W. to say, "in her own words if she knew why [Marsteller] was there. And [T. W.'s] response to that was that [Marsteller] was there to . . . help her make him stop doing what he was doing." By "him," T. W. meant defendant.

The jury found defendant guilty as charged on each count. Defendant's motion for new trial was denied, and he appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdicts. *Held*:

1. The denial of defendant's motion for mistrial is enumerated as error.

The trial court had granted defendant's motion "to exclude any reference to [a] polygraph . . ." administered to defendant. But during defendant's cross-examination of Special Agent Paul Loggins of the Georgia Bureau of Investigation, the following transpired: "[DEFENSE COUNSEL]: All right. And he [defendant] confessed in that [T. W.] was asleep in the love seat by him and that he realized that he had his hand inside her panties rubbing her vagina; is that right? [SPECIAL AGENT LOGGINS]: That's correct. [DEFENSE COUNSEL]: So at that point [defendant] did not even tell you that he knew exactly what [T. W.] was saying he had done? [SPECIAL AGENT LOGGINS]: I had made [defendant] aware of what the allegation was and what you're reading from is the polygraph report which. . . ." Whereupon defendant moved for a mistrial. The trial court concluded that a mistrial was not demanded because the witness was responding to cross-examination and because the results of the polygraph were never mentioned and denied defendant's motion. Defendant declined the offer of curative instructions. The trial court instructed the witness "not to use the word polygraph again."

This recitation from the record reveals that the offending reference to defendant's polygraph came during defendant's cross-examination and not during the State's case-in-chief. Consequently, the State has not violated the grant of defendant's motion in limine to exclude reference to the polygraph. Rather, " 'error, if any, was self-induced and provides no basis for reversal. *Bess v. State*, 187 Ga. App. 185, 189 (5) (369 SE2d 784) (1988).' *Fitzgerald v. State*, 193 Ga. App. 76, 77 (7), 78 (386 SE2d 914). Moreover, in the case sub judice, defendant declined the trial court's offer of curative instructions. 'We find no error. See *Riley v. State*, 181 Ga. App. 667, 669 (2) (353 SE2d

598) (1987).' Id. at 78 (8)." *Tucker v. State*, 225 Ga. App. 757, 758 (2) (484 SE2d 793).

2. Next, defendant contends the trial court erred in overruling another motion for mistrial made when the investigating detective allegedly paraphrased a portion of defendant's pre-trial statement thereby misquoting defendant regarding criminal intent.

As Deputy Brown played an audiotape for the jury of his interview with defendant the following transpired: "[STATE'S ATTORNEY]: That portion of the tape, what exactly did the Defendant say . . . that he had done? [DEPUTY BROWN]: The last portion there? [STATE'S ATTORNEY]: Yes, sir. [DEPUTY BROWN]: He stated he guessed that he was caressing her. (AUDIOTAPE CONTINUED TO PLAY.) . . . [STATE'S ATTORNEY]: That last statement that he made, do you recall what it was that he said he wanted to do? [DEPUTY BROWN]: He basically was stating that he wanted to — he wanted to endure it himself. He didn't want nobody else to — basically take the blame himself." Whereupon, defendant moved for a mistrial on the grounds that Deputy Brown's summarization "constitutes a statement that [the defense had] not been provided for this trial . . . and further [because] the officer is saying basically this is what he said whereas [the State's attorney's] question was what did he say." The State's attorney replied he "wanted him to clarify what it was the Defendant had said there." The trial court overruled the motion.

On appeal, defendant argues a mistrial was demanded, relying on the authority of *Mobley v. State*, 262 Ga. 808 (426 SE2d 150). We disagree. "Whether to grant a mistrial is a matter within the discretion of the trial court, and that discretion will not be interfered with on appeal 'unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial. . . .' *Stanley v. State*, 250 Ga. 3 (2) (295 SE2d 315) (1982)." *Cowards v. State*, 266 Ga. 191, 193 (3), 194 (3) (c) (465 SE2d 677).

In *Mobley v. State*, 262 Ga. 808 (1), supra, the Supreme Court of Georgia affirmed the denial of a plea of double jeopardy following the grant of a mistrial at the behest of the defendant in a capital murder trial. In *Mobley*, "Investigator Head, while purportedly recounting verbatim the oral confession which [defendant] Mobley made before his written confession, testified that Mobley stated, 'Well, (the victim) could identify me, he saw me, he could identify me, and I knew at that point I had to kill him.' That quote was not part of the written statement . . . provided to defense counsel." Id. "The next day, [Investigator] Head testified outside the presence of the jury that the quote attributed to [defendant] Mobley had been Head's interpretation of [a] portion of Mobley's written confession." Id. at 809. In *Mobley*, the trial court found "the quote made by [Investigator] Head

and attributed to [defendant] Mobley had no basis in Mobley's written statement. . . ." Id. The Supreme Court stated that "[t]he state's conduct was properly penalized by the grant of a mistrial." Id. at 810.

In the case sub judice, Deputy Brown was not purporting to relate verbatim an oral confession. Rather, as a participant, he was asked to clarify the audiotape replication of defendant's recorded statement. In our view, the trial court correctly determined that the question whether there was a material variance between the audiotape introduced as evidence and the written transcript provided to the defense was a matter for the jury to determine. The answer of Deputy Brown, that defendant appeared to want to take the blame himself, does not amount to the sole evidence of defendant's disputed specific criminal intent, as did the testimony of Investigator Head in *Mobley v. State*, 262 Ga. 808 (1), supra, nor does Deputy Brown's answer usurp the province of the jury. We find no need for a mistrial in order to preserve defendant's right to a fair trial. Consequently, we find no abuse of discretion in the trial court's refusal to grant a mistrial in this case. *Langham v. State*, 263 Ga. 750, 751 (2) (438 SE2d 623).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur specially.*

Judge Harold R. Banke, concurring specially.

I concur specially in Division 1 because the State's witness, a Georgia Bureau of Investigation polygrapher, clearly violated the court's order excluding any reference to the polygraph by gratuitously injecting the issue into the case in an unresponsive answer on cross-examination. Nothing in the question posed to the polygrapher elicited the reference to the polygraph examination. The fact that the witness was a trained law enforcement agent who had been informed on the record that the polygraph evidence would be excluded at trial renders the error even more egregious. See *Boyd v. State*, 146 Ga. App. 359 (2) (246 SE2d 396) (1978) (reversing denial of motion for mistrial asserted after the State's witness placed the defendant's character in issue with hearsay).

Nothing in the record supports the majority's finding that the error was self-induced. Nor should we fault Birdwell for declining a curative instruction which would only have brought more attention to the fact that there was a polygraph which was not used. Nevertheless, the overwhelming evidence of guilt, including Birdwell's own admissions both before and during trial, convinces me that the error was harmless beyond a reasonable doubt. Compare *Ochle v. State*, 218 Ga. App. 69, 72-73 (4) (459 SE2d 560) (1995).

I am authorized to state that Judge Smith joins in this special concurrence.

Decided November 25, 1997 —
Reconsideration denied December 12, 1997 —

*Thompson, Fox, Chandler, Homans & Hicks, Joseph A. Homans,* for appellant.

*Timothy G. Madison, District Attorney, Sean P. Dolan, Robin R. Riggs, Assistant District Attorneys,* for appellee.