## A99A1237. CRAWLEY v. THE STATE.
### (525 SE2d 739)

PHIPPS, Judge.

A DeKalb County jury convicted Sean Crawley of burglary, armed robbery, and aggravated assault. On appeal he enumerates ten errors, five raising sufficiency of the evidence issues, one claiming the court erred in admitting into evidence money found in a co-defendant's clothing, one claiming the court erred in admitting evidence of prior difficulties, one claiming the court erred by admitting the handgun into evidence, and two others which are unsupported by argument and citations of authority.

Because we find that the evidence was sufficient to support the convictions, that the trial court did not err in admitting evidence, and that two of Crawley's enumerations have been abandoned, we affirm.

Crawley advanced Cedric Smith cocaine to sell, but Smith lost the cocaine in a robbery and was unable to repay Crawley. Crawley and Anthony Lomax went to Smith's apartment, kicked down the door, found Smith and a woman there, and demanded payment. Lomax was armed with a gun and threatened to kill the woman. Smith did not have enough money to repay Crawley, so Crawley took approximately $120 from Smith's wallet and ransacked the apartment for valuables. Crawley and Lomax decided that they would take Smith's furniture as payment for the debt and resolved to wait at the

apartment until the next morning, when they could rent a U-Haul truck to move it. Crawley also decided to take Smith's stereo. The stereo components would not fit into the car Crawley had driven to the apartment, so he ordered Smith to drive him to get his Bronco truck. The woman was left in the apartment with Lomax as a hostage, and he sodomized her.

Crawley and Smith returned to the apartment. Later Crawley and Lomax fell asleep, and Smith was able to call his sister on the telephone. At approximately 6:00 a.m. Smith's brother arrived at Smith's apartment, and he and Smith attacked Crawley and Lomax with knives. Crawley and Lomax were injured, but managed to escape — in Crawley's case by bursting through Smith's bedroom window. Five days later, a neighbor found an automatic pistol under the steps just outside this broken window.

1. The trial court, over Crawley's objections, admitted into evidence $143 in cash found in the pockets of Lomax's bloody pants. The money was found when the pants were searched by the prosecutor and Crawley's counsel the day before trial. Before that time, although both the prosecutor and the defense counsel had access to the bloody clothes, neither had examined them.

OCGA § 17-16-4 (a) (3) requires the prosecuting attorney to make available to defense counsel for inspection, at least ten days before trial, all tangible objects in the State's possession and intended for use as evidence. If before or during trial a party discovers evidence which is subject to discovery under the provisions of the article, that party shall promptly notify the other party and make the evidence available to him.[1] Here, the prosecuting attorney and defense counsel discovered the evidence at the same time. The statute was not violated.

2. Crawley claims that the trial court erred in admitting "prior difficulty" evidence. The prior difficulty evidence presented by the State consisted of Smith's testimony that, within the week before the incident giving rise to the charges here, Crawley had broken down the door of Smith's father's room at Dial Inn looking for Smith and the $3,000 which Crawley claimed Smith owed to him. Smith's testimony regarding the prior event was admissible because it helped explain the motive for these crimes and Crawley's course of conduct.[2]

3. Crawley claims that the trial court erred in admitting the handgun into evidence because there were inconsistent descriptions of the gun and no fingerprint evidence from the gun was presented. The gun was found in an unusual location that corresponded to the

---

[1] OCGA § 17-16-4 (c).

[2] *Wall v. State*, 269 Ga. 506, 508 (2) (500 SE2d 904) (1998).

path of Crawley's escape route from Smith's apartment. There was testimony that a handgun matching the description of this gun was used during the robbery. The trial court did not err in allowing the gun into evidence.[3]

4. Crawley's enumerations of error 5 and 6 are not supported in his brief by argument or citation of authority and, under Rule 27 (c) (2) of this court, are deemed abandoned.

5. Crawley's remaining enumerations of error challenge the sufficiency of the evidence to support his convictions for burglary, armed robbery, and aggravated assault. We must reverse under *Jackson v. Virginia*[4] if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." But the evidence showed that Smith's door had been forced open and that Crawley and Lomax had robbed Smith at gunpoint, ransacked his apartment and threatened to shoot to kill Smith and the woman. This evidence was sufficient to support the jury's verdict beyond a reasonable doubt.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 18, 1999.

*Daniel Conaway*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Robert E. Statham III, Assistant District Attorneys*, for appellee.

[3] See *Sims v. State*, 226 Ga. App. 116, 118 (4) (486 SE2d 365) (1997).
[4] 443 U. S. 307, 324 (99 SC 2781, 61 LE2d 560) (1979).