A99A2479. COX v. THE STATE.
(526 SE2d 887)

BLACKBURN, Presiding Judge.

Following a jury trial, William Harold Cox appeals from his convictions of one count of child molestation, two counts of incest, and three counts of aggravated child molestation. Cox contends that the trial court erred by: (1) denying his motion to quash the indictment which challenged the grand jury array; (2) overruling his challenge to the petit jury array; (3) excluding evidence that the victim was sexu-

ally active with her boyfriend; (4) admitting evidence of an incident between him and the victim which was not alleged in the indictment; and (5) denying his motion for acquittal asserting that the State had failed to prove venue.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict. *Brown v. State*, 237 Ga. App. 761 (516 SE2d 810) (1999). So viewed, the evidence shows that Cox is the stepfather of the victim, whom he adopted when she was ten years old. The Coxes have lived in Valdosta in Lowndes County since 1987. Cox's stepdaughter testified that Cox began molesting her when she was 11 and that, when she was 12, he had intercourse with her in their home. In the summer of 1996, she and Cox had oral sex and intercourse on several occasions at Shoney's Inn in Lake Park. She and Cox had oral sex and intercourse on several occasions in their home.

1. Cox moved to quash the indictment, challenging the array of both the grand jury and the petit jury. Cox contends that the method used to select the jury array is illegal because a jury commissioner can arbitrarily disqualify a citizen from jury service.

The selection of jurors is governed by OCGA § 15-12-40, which requires that the list of jurors represent a fair cross section of the eligible members of the community:

[T]he board of jury commissioners shall compile, maintain, and revise a trial jury list of upright and intelligent citizens of the county to serve as trial jurors and a grand jury list of the most experienced, intelligent, and upright citizens of the county to serve as grand jurors. In composing the trial jury list, the board of jury commissioners shall select a fairly representative cross section of the intelligent and upright citizens of the county. In composing the grand jury list, the board of jury commissioners shall select a fairly representative cross section of the most experienced, intelligent, and upright citizens of the county.

It is undisputed that the jury array represented a fair cross section of the community.

John Cowart, chairman of the Lowndes County Jury Commission, testified that the commission uses a copy of the voter registration file as its primary source list for both the trial and grand jury lists. Then, current members of the trial jury and grand jury box are removed as are convicted felons, citizens who have moved, and over-age citizens who have requested removal by affidavit. Next, citizens who have requested to be on the list are added. This information is fed into a computer which generates the jury box. The jury commis-

sion reviews this list, and, if it approves of the individuals, this list becomes the trial and grand jury box. However, if a jury commissioner disapproves of any individual on the list, that person can be removed. A jury commissioner can also remove an individual from the initial source list.

Cowart further testified that, although this is the procedure, in fact, no individuals were removed from the list which resulted in the grand jury which indicted Cox or the petit jury before which Cox was tried.

Our Supreme Court has held that "[t]here is no requirement that the jury list include the name of every citizen of the county eligible for jury service. The list must include a fair cross-section of the eligible members of the community, not every eligible member of the community." (Emphasis omitted.) *Ingram v. State*, 253 Ga. 622, 629 (1) (d) (323 SE2d 801) (1984), cert. denied, 473 U. S. 911 (105 SC 3538, 87 LE2d 661) (1985). Since the jury array included a fair cross section of the eligible members of the community, the trial court did not err in denying the motions challenging the jury array.

Cox's reliance on *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) is misplaced. That case did not deal with a challenge to the array, but concerned the use of peremptory challenges. Moreover, Cox does not argue that a distinctive group or a recognizable class in the community was excluded from the jury list, and in fact, no person was excluded from the jury list here. "The burden is upon the defendant challenging the array of a jury to establish a prima facie case that there has been systematic exclusion of a distinct class of citizens." (Punctuation omitted.) *Campbell v. State*, 185 Ga. App. 3 (363 SE2d 293) (1987).

2. We cannot say the trial court abused its discretion by granting the State's motion to exclude evidence that the victim told her physician in 1995 that she was sexually active with her boyfriend. *Williams v. State*, 237 Ga. App. 814 (2) (515 SE2d 875) (1999). At trial, Cox argued that the statement was a prior inconsistent statement, and the trial court allowed evidence that the victim told the physician she was sexually active but that she did not mention Cox. Thus, the trial court excluded only evidence identifying her sexual partner.

Cox's stepdaughter told her physician that she was sexually active with her boyfriend. This evidence regarding the identity of her sexual partner goes directly to the stepdaughter's past sexual behavior and, under the facts of this case, is inadmissible under the Rape Shield Law, OCGA § 24-2-3: "In any prosecution for rape, evidence relating to the past sexual behavior of the complaining witness shall not be admissible, either as direct evidence or on cross-examination." Additionally, "this court has held that evidence of a prior molestation or previous sexual activity on the part of the victim is not relevant in

a child molestation case to show either the victim's reputation for nonchastity or her preoccupation with sex." *Hall v. State*, 196 Ga. App. 523, 525 (2) (396 SE2d 271) (1990). Cox was tried on charges of molestation, incest, aggravated child molestation and rape (but not convicted of rape), so the trial court properly excluded this evidence, under the facts of this case.

3. Cox contends the trial court erred by admitting evidence that Cox had intercourse with his stepdaughter in April 1998 because that particular incident was not charged in the indictment. Cox characterizes this incident as "similar transactions" and asserts that the State failed to provide the proper notice under Uniform Superior Court Rule 31.3.

Cox objected to testimony by his stepdaughter that he had sexual intercourse with her on one occasion and attempted it on another while Cox, his stepdaughter and her boyfriend were in Savannah on a business trip in April 1998. The incident was reported when the three returned to Valdosta. This incident was properly admitted despite the lack of notice. "[T]here is no requirement that the State comply with USCR 31.3 when presenting evidence of prior difficulties between the victim and the accused." *Buice v. State*, 239 Ga. App. 52, 57 (520 SE2d 258) (1999).

Moreover, even though it was not charged in the indictment, the incident was properly admitted because an "indictment charging the commission of an offense, without showing that the date alleged therein is an essential averment, covers any offense of the nature charged within the appropriate period of limitation, including the date alleged." (Punctuation and footnote omitted.) *Miller v. State*, 226 Ga. App. 509, 511 (2) (486 SE2d 911) (1997); *Stell v. State*, 210 Ga. App. 662 (3) (436 SE2d 806) (1993); *Robinson v. State*, 202 Ga. App. 576, 577 (1) (415 SE2d 21) (1992); see *Snider v. State*, 238 Ga. App. 55 (2) (516 SE2d 569) (1999). Additionally,

> where molestation, incest, or even rape occurs repeatedly over the period of the statute of limitation against the same victim in the same way, proof of such occurrence is not a prior similar offense but constitutes proof of the offense charged, and thus excludes such acts from the ambit of the rules governing the admission of similar transaction evidence.

(Footnote omitted.) *Miller*, supra at 512. This incident, one of a number of acts of molestation and intercourse with the victim during the limitation period, was properly admitted, and the trial court did not abuse its discretion by admitting this evidence. *Williams*, supra.

4. Cox moved for a directed verdict of acquittal on the grounds

that the State had failed to prove venue. "Venue is a jurisdictional fact that must be proved by the prosecution beyond a reasonable doubt." *Graves v. State*, 269 Ga. 772, 773 (1) (504 SE2d 679) (1998). "[C]ircumstantial as well as direct evidence may be used to establish venue. Venue is a question to be decided by the jury and its decision will not be set aside as long as there is any evidence to support it." (Citation and punctuation omitted.) *Jones v. State*, 245 Ga. 592, 596 (2) (266 SE2d 201) (1980).

The evidence at trial established venue beyond a reasonable doubt. Viewed in the light most favorable to the verdict, Cox's stepdaughter testified that she had lived in Lowndes County for the past 11 years. She further testified that she and Cox, at various times, had sexual intercourse and oral sex in her bedroom, his bedroom, her bathroom, the living room, the laundry room, an old trailer in the yard of their home, a workshop in the yard of their home, and at Shoney's Inn in Lake Park, a town located in Lowndes County. This testimony supports the jury's determination that venue was appropriate in Lowndes County beyond a reasonable doubt. The trial court properly denied the motion for directed verdict.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 9, 1999.

*J. Converse Bright*, for appellant.
*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.