## A00A1087. HAYES v. THE STATE.
### (534 SE2d 577)

MCMURRAY, Senior Appellate Judge.

Joseph Eugene Hayes was convicted in Haralson County of child molestation based on evidence that he fondled the breasts and vagina of his stepdaughter, a child under the age of 14 years. Hayes appeals from the denial of his motion for new trial, asserting five enumerations of error. *Held:*

1. Hayes contends the trial court erred in denying his motion for a directed verdict of acquittal on the ground that the State failed to prove the offenses were committed in Haralson County. We disagree.

Venue is a jurisdictional fact that the prosecution must prove beyond a reasonable doubt.[1] Venue is a jury question, and the jury's determination will not be set aside as long as there is any evidence to support it.[2]

Hayes was charged by special presentment with committing acts of child molestation between January 1, 1992 and November 30,

---

[1] *Graves v. State*, 269 Ga. 772, 773 (1) (504 SE2d 679).
[2] *Cox v. State*, 241 Ga. App. 388, 392 (4) (526 SE2d 887).

1996. Viewed in the light most favorable to the verdict, the evidence shows that Hayes moved to Haralson County in October 1995 with his wife, the victim, and a younger child. The victim, who was the State's first witness, was questioned only with regard to acts that occurred in Haralson County after October 1995. The victim testified on direct examination that Hayes molested her "[f]rom the time we moved to Haralson County till [sic] about — like the week we moved out of his house." On cross-examination the victim was asked:

Q. So what you told [the prosecutor] . . . when she asked you the question after July of 1992 . . . , you told her that you lived in Haralson County and that Gene Hayes fondled your breasts and touched your vagina, so that wasn't exactly an accurate statement, was it?
A. He did do it after that time and while we were in Haralson County.
Q. Okay, but that was . . . only after you moved here in October 1995 is what I'm asking. Is that correct?
A. Yes.

This testimony supports the jury's determination beyond a reasonable doubt that venue was proper in Haralson County. The trial court correctly denied Hayes' motion for directed verdict.

2. Hayes next argues that the trial court erred in failing to limit the jury's consideration of the indictment to any acts which occurred after October 1995. Hayes asserts that by reading the indictment to the jury, the trial court permitted the jury to convict him based on acts which allegedly took place outside the trial court's jurisdiction. This contention is meritless. As we held in Division 1, no evidence was presented that Hayes molested the victim in any location other than Haralson County. Moreover, the charge correctly informed the jury that the indictment was not evidence and that Hayes could be convicted only for acts that he committed within the applicable statute of limitation.

3. In his third enumeration of error, Hayes alleges the trial court erroneously instructed the jury regarding its consideration of similar transaction evidence. We disagree.

The trial court instructed the jury in part as follows:

Before you may consider evidence of similar transactions for any purpose . . . you must be satisfied that this defendant is the same person to whom the evidence on similar transactions pertains. If you believe such has been proven, however, you are strictly limited in your consideration of the evidence on similar transactions as to the defendant's state of mind, course of conduct and lustful disposition.

Hayes contends this language failed to convey the jury's need to determine that Hayes committed the similar transactions prior to its ability to consider the prior acts for any purpose. However, examining this charge in its entirety, we conclude that the jury was properly instructed, and we find no error.[3]

4. Hayes next enumerates as error the denial of his motion for mistrial. The trial court had granted Hayes' motion to exclude any reference to a polygraph administered to Hayes in 1988 in connection with the similar transaction.

Hayes' ex-wife, Brenda Hayes, testified during the State's case-in-chief concerning the similar transaction. During cross-examination, the witness was asked whether she discussed the incident with Hayes. The following transpired:

A. I don't think I was able to catch him at that time. Every time I'd go to try to get child support he was gone or hid or something.
Q. So you're saying you didn't test — I mean talk to him at all at that time?
A. No, sir.
Q. But this matter never came to court?
A. No.
Q. He never was even arrested for it, was he?
A. I think he was picked up for a lie detector test.

Hayes then moved for a mistrial. The trial court denied the motion, concluding that a mistrial was not warranted because the witness had been attempting to respond to cross-examination "truthfully and completely." Hayes did not request curative instructions, and none were offered.

[T]he offending reference to defendant's polygraph came during . . . cross-examination and not during the State's case-in-chief. Consequently, the State has not violated the grant of defendant's motion in limine to exclude reference to the polygraph. Rather, error, if any, was self-induced and provides no basis for reversal.[4]

Most significantly, the witness never mentioned the results of the polygraph.

---

[3] See generally *Dumas v. State*, 239 Ga. App. 210, 216-217 (4) (521 SE2d 108); *Barnes v. State*, 191 Ga. App. 424, 426 (2) (382 SE2d 164).

[4] (Citations and punctuation omitted.) *Birdwell v. State*, 229 Ga. App. 810, 811 (1) (494 SE2d 699).

The mere fact that the jury was apprised that a lie detector test was taken is not necessarily prejudicial if no inference as to the result is raised. No such inference was raised here. And because the grant of a mistrial was not essential to preserve the right to a fair trial, we will not disturb the trial court's exercise of its discretion.[5]

5. Hayes lastly contends the trial court erred in denying his motion for new trial in light of newly discovered evidence that the victim told her stepcousin, Hayes' niece, that the victim's mother directed the victim to say Hayes "touched her and stuff." "The standard for granting a new trial on the basis of newly discovered evidence is well established. . . . [A] new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness."[6]

In the case sub judice, the testimony of Hayes' niece does not suggest that the victim was not molested. At best, the evidence might have been offered to impeach the victim's credibility. Consequently, the trial court did not abuse its discretion in denying Hayes' motion for new trial.[7]

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 12, 2000 ▮▮▮▮▮▮▮▮▮▮▮▮

*Thomas M. Witcher, James E. Hulsey, Jr.,* for appellant.
*James R. Osborne, District Attorney, Laura L. Herrin, Assistant District Attorney,* for appellee.

---

[5] (Citations and punctuation omitted.) *Lyons v. State*, 271 Ga. 639, 642 (6) (522 SE2d 225).

[6] (Citations and punctuation omitted.) *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792).

[7] See *Pendergrass v. State*, 168 Ga. App. 190, 191 (3) (308 SE2d 585) (affidavits of witnesses who overheard defendant's wife telling child molestation victim what to say in court did not authorize new trial).