## A00A1967. BRYAN v. THE STATE.
(541 SE2d 97)

MIKELL, Judge.

William Randall Bryan, then aged thirty-five, was indicted for statutory rape (two counts), child molestation (two counts), aggravated child molestation (two counts), sodomy (two counts), and enticing a child for indecent purposes, based on acts committed against a fifteen-year-old girl. A jury convicted the defendant of one count of child molestation, one count of statutory rape, and enticing a child for indecent purposes. A mistrial was declared on the other counts, and the defendant's motion for new trial was denied. On appeal, the defendant contends that the trial court erred in admitting into evidence 26 pornographic images that had been stored on computers retrieved from his home and workshop. We disagree and affirm the defendant's convictions.

1. Georgia Bureau of Investigation ("GBI") Investigator Wayne White testified that the defendant's wife called him on April 20, 1998, indicating that she had discovered on the family's home computer "36 different pornographic files of teenage girls in various sex acts." Two search warrants were obtained and executed, one for the home computer and the second for the computer located in Bryan's workshop. Thomas Wade Grant, Chief Forensic Computer Auditor for the GBI, who testified for the state as an expert data recovery specialist, downloaded the images, which depicted teenaged girls engaged in "group sex, interracial sex, bondage, and lesbianism." Twenty-six pornographic images were projected on a screen for the jury to view.

In three related enumerations of error, the defendant challenges the admission of the computer images into evidence. He contends that the images portrayed illegal acts similar to those for which he was convicted and, as such, were subject to Uniform Superior Court Rule ("USCR") 31.3, governing the admission of similar transaction evidence. We disagree. The images viewed by the jury do not depict the defendant. They are not similar transactions or prior bad acts, as they would be if, for example, they depicted the defendant engaging in sexual activity with a minor. Accordingly, we reject the defendant's argument that the state was required to comply with the mandates of USCR 31.3 and *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), prior to the admission of the evidence in question.

We next consider the defendant's argument that the admission of the evidence contravened the rule recently enunciated by the Supreme Court in *Simpson v. State*, 271 Ga. 772 (523 SE2d 320) (1999):

In a prosecution for a sexual offense, evidence of sexual par-

aphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity. Under this rule, sexually explicit material cannot be introduced merely to show a defendant's interest in sexual activity. It can only be admitted if it can be linked to the crime charged.

Id. at 774.

Applying *Simpson* retroactively to the case sub judice, we conclude that the evidence at issue passes its stringent relevancy test. The graphic images showed teenaged girls committing various sexual acts. They were relevant to show Bryan's bent of mind to engage in sexual activity with the victim, a 15-year-old girl. Cf. *Frazier v. State*, 241 Ga. App. 125, 126 (1) (524 SE2d 768) (1999) (sexually explicit materials did not depict children). It follows that the trial court did not abuse its discretion in admitting the evidence.

2. Defendant's final enumeration of error asserts for the first time on appeal that his trial counsel was ineffective. The record reflects that trial counsel filed the initial motion for new trial. However, appellate counsel filed an amended motion which failed to raise an ineffectiveness claim.

[T]he rule that an ineffectiveness claim must be raised "at the earliest practicable moment" requires that that claim be raised *before appeal* if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising the issue at a later time.

(Emphasis in original.) *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

The defendant had the opportunity to raise his claim of ineffective assistance of trial counsel in his amended motion for new trial. Accordingly, the claim is now procedurally barred. *Whitaker v. State*, 244 Ga. App. 241, 243-244 (3) (535 SE2d 283) (2000).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED OCTOBER 24, 2000.

*Garland, Samuel & Loeb, Nelson O. Tyrone III*, for appellant.

*N. Stanley Gunter, District Attorney, Lynn Akeley-Alderman, Assistant District Attorney*, for appellee.