## A01A2391. GATEWOOD v. THE STATE.
(559 SE2d 81)

JOHNSON, Presiding Judge.

Gerald Gatewood was indicted for aggravated child molestation, seven counts of sexual exploitation of children, contributing to the delinquency of a minor, and two counts of exhibiting pornographic materials to a minor. A jury found him guilty of five counts of sexual exploitation of children and acquitted him of all other counts in the indictment. Gatewood contends the evidence is insufficient to support his convictions. He further contends the trial court erred in allowing the introduction of character evidence and in denying his motion for a mistrial. We find no error, and we affirm Gatewood's convictions.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that Gatewood and his wife babysat for a ten-year-old and her fourteen-year-old sister during 1997 and 1998. In May 1998, Gatewood's wife discovered two pornographic pictures of the children in her home. The children informed their mother that Gatewood had taken the pictures. Gatewood and his wife agreed to a search of their home, where four more pornographic photographs of the children were found in Gatewood's bedroom closet in his shirt pocket. Police also found Polaroid film debris in the trash at Gatewood's home.

The children testified that Gatewood took most of the photographs and was present when all the photographs were taken. They further testified that it was Gatewood's idea to make the pornographic photographs and that Gatewood told them how to pose for the photographs. In addition, the state introduced Gatewood's confession, in which he admits taking two or three photographs of the girls' breasts and three or four nude photographs of the girls together.

(a) Gatewood contends that the state failed to prove a material element of the indictment as to Counts 6 and 7, where the language in the indictment alleges that the children were under the "custody

and control" of Gatewood. According to Gatewood, his wife babysat the children and had both custody and control of them. The evidence, however, shows that at various times, including the time when the photographs were made, Gatewood's wife worked and left the girls home with Gatewood. It is clear from the evidence that Gatewood had custody and control of the minors during these visits and was left with the children as the sole adult in the home. In fact, one of the children testified that Gatewood was her babysitter. This evidence provides a legally sufficient basis for a jury to conclude that the custody and control element was proven beyond a reasonable doubt.

Gatewood further attempts to expand and bolster his enumeration of error by arguing that the trial court improperly charged the jury as to the custody and control issue. However, this Court has repeatedly held that an enumeration of error cannot be enlarged by a brief to give appellate viability to an issue not contained in the original enumeration.[1] Gatewood's assertion of charging error is beyond the reasonable scope of his enumeration of error regarding sufficiency of the evidence.[2] Thus, it is not properly before us for consideration.

(b) Gatewood further maintains that it was inconsistent for the jurors to find him guilty of Count 8 of the indictment, while finding him not guilty of Counts 3 and 4 of the indictment. We find no inconsistency. Count 8 of the indictment tracked a different subsection of OCGA § 16-12-100 than did Counts 3 and 4. Count 8 tracked subsection (b) (5) of the statute, which concerns the creation of the photograph. Counts 3 and 4 tracked subsection (b) (3) of the statute, which involves some element of coercion, employment, persuasion, inducement, or enticement. In the present case, the jurors could have been convinced beyond a reasonable doubt that Gatewood took the photographs, but somewhat less convinced that Gatewood coerced or induced the children to take the photographs. In fact, Gatewood's confession alone was sufficient to sustain a conviction for Count 8 of the indictment.

(c) As for Counts 2 and 5, these counts involved the possession of the pornographic photographs by Gatewood. Gatewood contends possession was not proven because other individuals had equal access to his bedroom and his bedroom closet. It is undisputed that the photographs at issue were found in Gatewood's home, in his bedroom, in his closet, and in his shirt pocket. In addition, the testimony of the children indicated that Gatewood had kept three or four photographs. There is sufficient evidence to support these counts.

---

[1] *Wright v. State*, 228 Ga. App. 223 (491 SE2d 466) (1997); *Burton v. State*, 212 Ga. App. 100, 101 (1) (441 SE2d 470) (1994).

[2] *Unden v. State*, 218 Ga. App. 463, 466 (5) (462 SE2d 408) (1995).

2. Gatewood next asserts that the trial court erred in allowing inadmissible and prejudicial character evidence to be introduced at trial. This evidence consisted of two pornographic magazines which were seized from Gatewood's home during the execution of the search warrant. He first argues that the state failed to provide a notice of intent to present evidence of similar transactions, as required by Uniform Superior Court Rule 31.3, with regard to the two magazines. We reject this argument. It has not been argued that Gatewood took any of the pictures published in the magazines. Thus, the magazines do not constitute similar transactions or prior bad acts, and the state was not required to comply with the mandates of USCR 31.3.[3]

We next consider Gatewood's argument that the admission of these two magazines contravened the rule recently enunciated by the Supreme Court:

> In a prosecution for a sexual offense, evidence of sexual paraphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity. Under this rule, sexually explicit material cannot be introduced merely to show a defendant's interest in sexual activity. It can only be admitted if it can be linked to the crime charged.[4]

Applying this test to the present case, we are not convinced that it was error to admit the two magazines depicting adult pornography. The fact that the subject matter of the pornographic magazines is adults and the subject matter of the pornographic photographs at issue in this case is children does not operate to make the magazines irrelevant. Unlike the cases cited by Gatewood, this case does not involve a conviction for sexual molestation or sexual abuse of a child, where adult pornographic magazines have been held irrelevant and inadmissible.[5] Rather, this is a case directly dealing with a conviction for sexual exploitation of children, specifically the taking of pornographic photographs. Thus, pornographic magazines, even though they depict adults, show Gatewood's lustful disposition for pornographic pictures and are linked to the crime charged. The trial court did not err in admitting the two pornographic magazines.

Moreover, even assuming that the pornographic magazines of adults were irrelevant and inadmissible, the admission of these magazines was harmless beyond a reasonable doubt in light of the

---

[3] *Bryan v. State*, 246 Ga. App. 531 (1) (541 SE2d 97) (2000).

[4] *Simpson v. State*, 271 Ga. 772, 774 (1) (523 SE2d 320) (1999).

[5] See *Frazier v. State*, 241 Ga. App. 125, 126-127 (1) (524 SE2d 768) (1999).

overwhelming admissible evidence of Gatewood's guilt, including his own admission.[6] In light of Gatewood's admission that he took two or three photographs of the girls' breasts and three or four nude photographs of the girls together, we find that there is no possibility that the jury would have returned a different verdict had the trial court excluded the two magazines from evidence.[7]

3. Gatewood asserts the trial court erred in denying his motion for a mistrial after an investigator testified during cross-examination that he "did a voice stress analysis." Gatewood's attorney immediately objected and moved for a mistrial. The trial court denied Gatewood's motion for a mistrial, but instructed the jury to disregard the response to the question and not to use it in any deliberations. We find no error.

Even assuming that a voice stress analysis test is akin to a lie detector test, the Supreme Court has consistently ruled that "[t]he mere fact that the jury was apprised that a lie detector test was taken is not necessarily prejudicial if no inference as to the result is raised."[8] No such inference was raised here because the detective never mentioned the results of the test. Because the grant of a mistrial was not "essential to preserve the right to a fair trial," we will not disturb the trial court's exercise of its discretion.[9]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JANUARY 16, 2002.

*Jackson & Schiavone, Michael G. Schiavone,* for appellant.
*R. Joseph Martin III, District Attorney, Anthony A. May, Assistant District Attorney,* for appellee.

---

[6] See *Pittman v. State,* 273 Ga. 849, 850 (3) (546 SE2d 277) (2001).

[7] See *London v. State,* 274 Ga. 91, 94-95 (4) (c) (549 SE2d 394) (2001).

[8] (Citation, punctuation and emphasis omitted.) *Lyons v. State,* 271 Ga. 639, 642 (6) (522 SE2d 225) (1999); *Hayes v. State,* 244 Ga. App. 12, 14-15 (4) (534 SE2d 577) (2000).

[9] *Lyons,* supra; *Hayes,* supra.