A02A1609. SHELTON v. THE STATE.
(572 SE2d 401)

SMITH, Presiding Judge.

Johnny Shelton, Jr. was charged by accusation with one count each of selling cocaine, selling cocaine within 1,000 feet of a school, and selling cocaine within 1,000 feet of a public park. The trial court directed a verdict on the third count, and the jury returned a verdict of guilty on the remaining counts. Shelton appeals, asserting that the trial court erred in denying his peremptory strikes during jury selection and that the trial court improperly allowed a certified map of the City of Marietta into evidence. We disagree and affirm.

1. Shelton first complains that the trial court abused its discretion by granting the State's "reverse *Batson*" motion[1] challenging Shelton's use of three strikes to exclude white males from the jury panel.

> Once a prima facie case of discrimination is made, the proponent of the strike is required to set forth a race-neutral, case-related, clear and reasonably specific explanation for the exercise of its strikes. An explanation is not race-neutral if it is based on a characteristic that is peculiar to any race or on a stereotypical belief. At this point, the proponent of the strike need not proffer an explanation that is persuasive or even plausible — all that is required is an explanation that is facially race-neutral. The trial court must then determine, considering the totality of the circumstances, whether the opponent of the strikes has shown that the proponent was motivated by discriminatory intent in the exercise of his strikes. The opponent of the strikes may carry his burden of persuasion by showing that similarly situated jurors of another race were not struck or that the proponent's race-neutral reason for a strike is so implausible or fantastic that it renders the explanation pretextual. A trial court's findings on whether the opponent of the strike has met his burden of

---

[1] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The Supreme Court of Georgia has held that criminal defendants are likewise subject to the restrictions placed upon jury selection in *Batson. State v. Mayweather*, 262 Ga. 727 (425 SE2d 659) (1993).

persuasion is entitled to great deference and will be affirmed unless clearly erroneous.

(Punctuation and footnotes omitted.) *Barnes v. State*, 269 Ga. 345, 349 (6) (496 SE2d 674) (1998).

After the State complained that Shelton had "struck all the white males that have been put to him so far," the trial court required Shelton's counsel to explain his reasons for the strikes, thus rendering the preliminary showing of prima facie discrimination moot. *Barnes*, supra. In rebutting a prima facie case of discrimination in his peremptory strikes, Shelton was required to explain each one.

The explanation need not rise to the level justifying exercise of a challenge for cause, but it must be neutral, related to the case to be tried, and a clear and reasonably specific explanation of his legitimate reasons for exercising the challenges. Importantly, however, rubber stamp approval of all nonracial explanations, no matter how whimsical or fanciful, would cripple *Batson*'s commitment to ensure that no citizen is disqualified from jury service because of his race.

(Citations and punctuation omitted.) *Richardson v. State*, 233 Ga. App. 233, 235 (1) (504 SE2d 65) (1998). Here, voir dire was not reported, and the record reflects only counsel's colloquy with the trial court on the strikes. With respect to the first juror, Shelton's counsel stated that the juror was employed by the Cobb County Water Department and thus had a connection with the case because "[t]his case is being prosecuted by Cobb County." The trial court noted that the case was prosecuted by the State of Georgia, not Cobb County, and asked Shelton's counsel if he wished to be heard further on the point. Counsel declined, stating, "I made my statement for the record, and I'll stand by it." As to the second juror, Shelton's counsel stated that he struck him because he was in the Army for four years and was an executive for a "corporate entity" as was his wife. The State responded that Shelton had already accepted a professional on the panel, and that striking someone because he worked for a corporation would include "all the jurors in Cobb County." As to the third juror, Shelton's counsel stated that he had been involved in a collections case and had thus "actively sought litigation and pursued litigation." After hearing this exchange, the trial court determined that Shelton's strikes were pretextual, disallowed them, and reseated the jurors.

While these explanations were facially neutral, they were neither reasonably specific nor related to the case to be tried.

Shelton's counsel did not show that working for a county water department or a corporation, being a professional, serving in the military, or pursuing a collections lawsuit had any bearing on a prosecution for selling cocaine. Moreover, these characteristics are so general as to be common to many members of the jury pool. Significantly, the trial court did allow other peremptory strikes by Shelton when his counsel articulated a reason that was both specific and related to the case to be tried. For example, Shelton's counsel stated that another prospective juror was familiar with the area in which the offense occurred, knew that it was "a high-drug area," and would be prejudiced against Shelton. This strike was accepted by the State and the trial court.

> The trial court's finding of purposeful discrimination is a finding of fact which ordinarily must be given great deference by an appellate court, since it largely will turn on evaluation of credibility. Moreover, the trial court can visually and auditorially observe the demeanor of both prospective jurors and counsel. Thus, we may only reverse the trial judge's determination that appellant's peremptory challenge was motivated by intentional discrimination if that determination is clearly erroneous.

(Citation and punctuation omitted.) *Richardson*, supra at 236 (1).

2. Shelton also complains that the State used and introduced at trial a certified map of the City of Marietta without complying with the discovery provisions of OCGA § 17-16-1 et seq. But Shelton's "failure to request a continuance to cure any prejudice which may have resulted from the State's failure to comply with the requirements of OCGA § 17-16-1 et seq. waived [his] right to assert error on appeal stemming from the State's alleged failure to comply with discovery statutes." (Punctuation and footnotes omitted.) *Moss v. State*, 275 Ga. 96, 100-101 (7) (561 SE2d 382) (2002). Moreover, the map was not in possession of the prosecutor or law enforcement officers until the day of trial; a police officer stopped by the City offices and obtained a copy of the map on his way to the courthouse. The prosecutor disclosed the map to defense counsel as soon as he learned of its existence, displaying it to counsel "within two minutes" of receiving it.

> Here, the only evidence of record shows that the State disclosed the existence of the documents and provided them to [defense] counsel as soon as it learned of them. When, as here, the prosecution and defense both view the evidence for the first time simultaneously, the statute is not violated.

*Crawley v. State*, 240 Ga. App. 891, 892 (1) (525 SE2d 739) (1999).

*Jackson v. State*, 255 Ga. App. 279, 285 (4) (564 SE2d 865) (2002).

In his appellate brief, Shelton also contends the State failed to lay a proper foundation for the admission of the city map. But his enumeration of error specifically asserts the discovery violation, not failure to lay a foundation, as the basis for appeal. "[T]his Court has repeatedly held that an enumeration of error cannot be enlarged by a brief to give appellate viability to an issue not contained in the original enumeration." (Footnote omitted.) *Gatewood v. State*, 253 Ga. App. 330, 331 (1) (a) (559 SE2d 81) (2002). This assertion therefore is not properly before us for consideration.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED OCTOBER 11, 2002.

*Robert H. Alexander III*, for appellant.
*Patrick H. Head, District Attorney, Jesse D. Evans, Amelia G. Pray, Assistant District Attorneys*, for appellee.